```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

MARTINEZ A. TERRY,          :    NO. 1:08-CV-00820
                            :
    Petitioner,             :
                            :
        v.                  :    **OPINION AND ORDER**
                            :
WARDEN, LEBANON CORRECTIONAL :
INSTITUTION,                :
                            :
    Respondent.             :
                            :

This matter is before the Court on the Magistrate Judge's June 14, 2010 Report and Recommendation (doc. 18), and Petitioner's Objections (doc. 22). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus.

**I. Background**

Petitioner Martinez Terry, an inmate in state custody at Lebanon Correctional Institution in Lebanon, Ohio, filed a pro se petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docs. 3, 13). On March 29, 2004, a jury found Petitioner guilty of aggravated robbery, robbery, felonious assault, receiving stolen property, and possessing a weapon under disability, and he was sentenced on April 20, 2004 to a total of twenty-three years in prison (Id.). The Magistrate Judge's Report and Recommendation contains a thorough description of the appeals Petitioner filed before the state court, and the Court will not reiterate that here.

In his petition before the Court, Petitioner seeks relief on the following seven grounds: (1) 5th, 6th and 14th Amendments Due Process and Equal Protection Violation where conviction against the sufficiency and weight of evidence; (2) 5th Amendment Equal Protection Batson Violation; (3) 4th, 5th, 6th and 14th Amendments Violation of Due Process for failure to Suppress Illegal Identification Evidence; (4) 6th and 14th Amendments Due Process Violation based upon Prejudicial Jury Deliberations; (5) 6th and 14th Amendments Violation of Effective Assistance of Trial and Appellate Counsel; (6) the trial court erred to the prejudice of Petitioner...by imposing a sentence contrary to law in excess of statutory libert[y] interest, and being based on factors outside statutory guidelines; and (7) the trial court erred to the prejudice of Petitioner...by utilizing sentencing procedures in violation of the United States and Ohio Constitutions (doc. 18).

The Magistrate Judge recommended that Petitioner's petition be denied on both procedural and substantive grounds and that no certificate of appealability issue (Id.). Petitioner objected only as to the Magistrate Judge's recommendation with respect to Grounds One, Three, Five, Six and Seven (doc. 22). The Court turns to those objections, discusses each in turn and will cite the Magistrate Judge's report as needed for that analysis.

**II. Petitioner's Objections & The Court's Analysis**

As a general matter, Petitioner argues that the Court

should not adopt the Magistrate Judge's Report because it is "erroneous, contrary to clearly established federal law...and therefore untenable" (doc. 22).

### A. Ground One

As to Ground One, Petitioner asserts that both the state trial court and the Magistrate Judge reached the conclusion that Petitioner was guilty by making impermissible double inferences (Id.). Petitioner argues that guilt could only be found by inferring his mens rea from that of the principal because there was no independent evidence of him having acted "knowingly", which is one of the elements needed for that conviction (Id.).

Of course, neither the Magistrate Judge nor the trial court decided Petitioner's guilt, nor made any inferences at all; the jury found Petitioner guilty. Assuming Petitioner meant that the Magistrate Judge erred when he found that Petitioner was not entitled to habeas relief on the basis that there was insufficient evidence to support his aggravated robbery conviction because such a decision could only come from impermissible inferences, Petitioner's objection is without merit for several reasons, not least because it completely mischaracterizes the Magistrate Judge's analysis. The Magistrate Judge thoroughly examined the evidence presented at trial and determined that "a rational juror could infer from the evidence of petitioner's 'presence, companionship and conduct before and after the offense [was] committed' that he

'knowingly' participated in the shooting" (doc. 18, citing State v. Johnson, 754 N.E.2d 796, 801 (Ohio 2001)).  Petitioner has offered nothing to refute the standard enunciated in Johnson, or, indeed, anything to refute the volume of evidence that was presented at trial and from which a jury could reasonably infer his state of mind.  The Court therefore is unpersuaded by Petitioner's objections as to Ground One.

  **B. Ground Three**

  In Ground Three, Petitioner claims that the 4th, 5th, 6th and 14th Amendments were violated by the trial court's failure to suppress "illegal identification evidence," by which he appears to mean both the out-of-court photo identification of Petitioner made by the victim and the in-court identification of Petitioner made by the victim (docs. 3, 22).  The Magistrate Judge found this ground procedurally barred because Petitioner's trial attorney failed to object at trial to the admission of the victim's identification of Petitioner, and the Ohio Court of Appeals relied on that default when it reviewed Petitioner's claim only for plain error (doc. 18). Because the Ohio Court of Appeals was limited only to plain error review, the Magistrate Judge found that Petitioner procedurally defaulted on this ground because he failed to "fairly present" the federal constitutional claims raised in this ground to the state courts (Id., citing inter alia McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000)).

4

Petitioner bases his objections to the Magistrate's findings regarding Ground Three on the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), which held that testimonial out-of-court statements should not be admitted at trial unless the witness is available for cross-examination (doc. 22).

The Court agrees with the analysis conducted by the Magistrate Judge and finds that Petitioner procedurally defaulted this ground for relief. Petitioner has offered nothing to suggest a contrary outcome, and the Court finds none sua sponte. The Court notes that Crawford is inapposite since, here, the victim testified at trial-making an in-court-identification, and Petitioner had the opportunity to confront him through cross-examination. Petitioner's objections to the Magistrate Judge's Report on Ground Three are without merit.

**C.  Ground Five**

In Ground Five, Petitioner argues that he was denied effective assistance of both trial and appellate counsel in several ways (doc. 3). The Magistrate Judge addressed each of the ways in which Petitioner felt his counsel was deficient and found this ground to be without merit (doc. 18).

In his objections, Petitioner addresses only his claim that he received ineffective assistance with respect to the identification made by the victim (doc. 22). Specifically, he argues that both counsel ignored a "dead bang winner," when his

5

trial counsel failed to recognize, argue and brief the illegal identification issue and when his appellate counsel failed to argue trial counsel's ineffectiveness at his first appeal of right (Id.). And Petitioner argues he has made a showing of ineffectiveness as required by Strickland v. Washington, 466 U.S. 668 (1984) (Id.).

However, Petitioner offers nothing, other than his bald assertion that he had a "dead bang winner," to show that the Magistrate Judge erred in his conclusion that Petitioner did not provide clear and convincing evidence to rebut the Ohio Court of Appeals' decision that the pretrial identification procedure used to obtain the victim's initial identification of Petitioner was not unduly suggestive and that it was, in any event, reliable under the totality of the circumstances.  The Court finds that Petitioner's "dead bang winner" assertion is insufficient to satisfy the Strickland test and that he has offered nothing to show that the pretrial identification procedure was so "impermissively suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Ledbetter v. Edwards, 35 F.3d 1062, 1070 (6th Cir. 1994).  Consequently, Petitioner's objections to the Magistrate Judge's Report with respect to Ground Five are unpersuasive.

### D. Grounds Six and Seven

In Grounds Six and Seven, Petitioner argues that he is entitled to habeas relief because the trial court erred by imposing

6

a sentence contrary to law and by utilizing sentencing procedures in violation of the Constitution when he was re-sentenced (doc. 13).  The Magistrate Judge found that, to the extent Petitioner is arguing that he was re-sentenced in violation of Ohio law or the Ohio Constitution, that claim is not cognizable in federal court (doc. 18).  And, to the extent he claims that his re-sentencing violated the ex post facto or due process clauses of the United States Constitution, the Magistrate Judge found that such a claim would fail as it has been roundly rejected by both the federal and state courts in Ohio (Id., citing cases).

In his objections, Petitioner makes clear that his argument is that his due process rights were violated by the re-sentencing when he was sentenced to more than the minimum, concurrent sentences (doc. 22).  However, Petitioner has provided absolutely no authority nor any reason whatsoever showing why this Court should ignore the vast body of case law, including this Court's own prior rulings, holding that the Ohio Supreme Court's decision in State v. Foster, 845 N.E.2d 470 (Ohio 2006), which permitted trial judges to use their discretion in sentencing as long as they stayed under the statutory maximum, is consistent with the United States Constitution.  See, e.g., Kelly v. Brunsman, 625 F.Supp.2d 586 (S.D. Ohio 2009); Mason v. Brunsman, No. 1:07cv1020, 2009 WL 2169035 (S.D. Ohio July 16, 2009).  Therefore, the Court finds Petitioner's objections with respect to Grounds Six and Seven meritless.

7

**III. Conclusion**

Having reviewed this matter <u>de</u> <u>novo</u>, the Court agrees with the recommendations made by the Magistrate Judge. His Report and Recommendation is thorough, well-reasoned and correct. For the aforementioned reasons, the Court therefore ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 18), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 3). The Court also DECLINES to issue a certificate of appealability with respect to any of Petitioner's grounds for relief, because a jurist of reason would not find it debatable whether this Court is correct in its procedural rulings and because Petitioner has failed to make a substantial showing of the denial of a constitutional right, and the issues presented are not adequate to deserve encouragement to proceed further. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 475, 484-85 (2000); 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b). Finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal <u>in</u> <u>forma</u> <u>pauperis</u> will be DENIED.

SO ORDERED.

Dated: November 23, 2010       <u>/s/ S. Arthur Spiegel          </u>
                                S. Arthur Spiegel
                                United States Senior District Judge